# "EXHIBIT A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BRADFORD</u>   COUNTY, FLORIDA

<u>Jacob Wallace</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Energy Transfer Interstate Holdings LLC, Energy Transfer Employee Management LLC, Florida Gas Transmission Company LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

 **IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

 **V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

 2

 **VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

 **VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

 **VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

 **IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Archibald J Thomas III</u>   Fla. Bar # <u>231657</u>
    Attorney or party       (Bar # if attorney)

<u>Archibald J Thomas III  </u>    <u>05/07/2025</u>
 (type or print name)      Date

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN
AND FOR BRADFORD COUNTY,
FLORIDA

JACOB WALLACE,

     Plaintiff,

vs.                                 Case No.:

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This suit is for damages and injunctive relief pursuant to the Florida Civil Rights

Act of 1992, Fla. Stat. §760.01 et seq. and the Age Discrimination in Employment Act of 1967,

as amended, (hereinafter "ADEA"), 29 U.S.C. §621 et seq

### JURISDICTION

2. This is an action for damages in excess of $50,000.00 exclusive of prejudgment

interest, costs, reasonably attorney fees.

### PARTIES

3. Plaintiff is a 82 year old male. He is a citizen of the United States and was employed with Defendants or their predecessor company for 58 years prior to his termination on or about February 23, 2024.

4. At all times relevant to this Complaint, Defendant, Energy Transfer Interstate Holdings, LLC d/b/a ET Interstate Holdings, LLC, is a Delaware limited liability company, not currently licensed to do business in the state of Florida, employing twenty (20) or more people, and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

5. At all relevant times, Defendant Energy Transfer Employee Management, LLC, is a Delaware limited liability company, licensed to do business in the state of Florida and has continuously been doing business in Bradford County in the State of Florida and has continuously had at least 20 employees and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

6. At all relevant times, Florida Gas Transmission Company, LLC, d/b/a Energy Transfer, is a Delaware limited liability company, licensed to do business in the state of Florida and has continuously been doing business in Bradford County in the State of Florida and has continuously had at least 20 employees and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

7. At all relevant times, Defendants Energy Transfer Interstate Holdings, LLC, d/b/a ET Interstate Holdings, LLC, Energy Transfer Employee Management, LLC and Florida Gas Transmission Company, LLC, d/b/a Energy Transfer, (collectively, "Defendants") have

continuously been employers engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

8. At all relevant times, Defendants have operated as either an integrated enterprise or single employer or alternatively as Plaintiff's joint employers for purposes of this lawsuit by virtue of their common management, the interrelationship of their operations, the centralized control over their employees, and their common ownership.

9. At all relevant times, Defendants, as either an integrated enterprise or single employer, or joint employer have continuously had at least 20 employees.

## CONDITIONS PRECEDENT

10. The Plaintiff has filed timely administrative charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations ("FCHR"). On November 4, 2024, the FCHR issued its determination finding that there was reasonable cause to believe an unlawful employment practice has occurred. The FCHR Reasonable Cause Determination is attached hereto as exhibit A. The EEOC similarly found reasonable cause to believe that violations of the statute occurred and issued a notice of Failure of Conciliation and ninety (90) day Notice of Right to Sue on February 12, 2025 which is attached hereto as exhibit B. This claim has further been filed within one year of the FCHR Reasonable Cause Finding and within 90 days of the EEOC Notice of Right to Sue. More than 60 days elapsed since the initial filing of the charge of discrimination with the EEOC. All conditions precedent have been complied with and this lawsuit is timely filed.

## STATEMENT OF THE FACTS

11. Plaintiff was initially hired by Florida Gas Transmission Company in October, 1965 and remained employed with Defendants and Defendants' predecessors for approximately fifty-eight (58) years. He remained employed with Defendants after Energy Transfer acquired Florida Gas Transmission Company until he was unlawfully terminated from employment on or about February 23, 2024.

12. At all relevant times, Defendants have operated as either an integrated enterprise or single employer or as Plaintiff's joint employers. For example:

a. All Defendants are owned in whole or in part and/or controlled by Energy Transfer, LP.

b. Florida Gas Transmission Company, LLC, d/b/a Energy Transfer is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. and is the name of the business location where Plaintiff was most recently employed at 14369 SW State Road 231, Brooker, Florida. Plaintiff's former immediate supervisor at Florida Gas Transmission Company, LLC, d/b/a Energy Transfer identifies himself to his customers as the Operations Manager of Florida Gas Transmission Company, LLC.

c. Defendants share human resources employees and functions.

d. Defendant Energy Transfer Employee Management LLC is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. Energy Transfer Employee Management LLC is Plaintiff's employer identified on Plaintiff's most recent Form W-2, Wage and Tax Statement.

e. Defendant Energy Transfer Interstate Holdings, LLC, d/b/a ET Interstate Transfer, LLC

is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. and was identified by its counsel as Plaintiff's employer during the EEOC and FCHR administrative proceedings. Defendant Energy Transfer Interstate Holdings, LLC, d/b/a ET Interstate Holdings, LLC was further identified as Plaintiff's employer at the time of Plaintiff's termination by its Executive Vice President and Chief Human Resources Officer, Christopher Curia and by Plaintiff's supervisor as reflected in the Separation Agreement and Release of claims provided by Defendants to Plaintiff on the day of Plaintiff's termination.

13. Plaintiff held the position of lead pipeline technician. He was fully qualified for the position and performed his job in an exemplary manner.

14. On Friday, February 23, 2024, Plaintiff was asked to meet with the operations manager, William Andrews, and Sr. Operations manager, Cody Arnold,, in a local hotel conference room. Plaintiff assumed he was being terminated because in the previous 58 years a meeting scheduled with an employee offsite consistently resulted in the employee's termination. Plaintiff had no idea why he would be terminated because Defendant's had no cause to terminate him. He had never been subjected to any previous disciplinary action, his previous performance evaluations were consistently excellent and he had engaged in no misconduct or other improper behavior.  When Plaintiff arrived at the meeting, he was presented with a Separation Agreement containing a full release of claims including claims of age discrimination against respondent in return for severance pay in the amount of $30,000. This Separation Agreement was unsolicitied by Plaintiff and was presented to Plaintiff upon his arrival at the hotel conference room. The Separation Agreement (attached

hereto as exhibit C) accurately stated that "[e]mployee has been informed that his employment will be terminated as of the termination date." The Separation Agreement and Full Release of Claims further provided that "[e]mployee's employment with [e]mployer shall terminate effective March 1, 2024." At no time during this meeting or thereafter did Plaintiff resign nor did he ever verbally indicate that he would resign nor was any letter of resignation ever submitted.

15. During Plaintiff's termination meeting referenced above Plaintiff was informed that the separation agreement must be returned by Monday, February 26, 2024. However, after reviewing the separation agreement, Plaintiff realized that the pressure being placed on him by Defendants to sign the separation agreement was improper because the agreement itself stated that he had 21 days to consider it and seven days to revoke it after signing. Plaintiff originally signed the separation agreement on March 4, 2024, ten days after his actual termination and three days after the effective date of his termination as described in the Separation Agreement and Full Release of Claims. However, after considering it further, he revoked the agreement on March 8, 2024.

16. Plaintiff was informed at the time of his termination that he was being terminated for "refusal to do your duties." This was a false and pretextual claim. In his 58 years of employment Plaintiff had never refused to perform his duties.

17. Defendant's articulated reasons for terminating Plaintiff were false and merely a pretext for unlawful age discrimination.

18. Several months prior to his termination, William Andrews, Operations Manager,

began reducing Plaintiff's work hours in 2023. Mr. Andrews also informed Plaintiff that he could no longer work with contractors. There was no reason given for this reduction in Plaintiff's hours. This restriction on Plaintiff's work hours and duties had the effect of reducing Plaintiff's overtime pay. Mr. Andrews further limited Plaintiff's duties by not allowing him to work on many projects, work only minimal overtime, and requiring Plaintiff to contact him prior to working any overtime with construction watches. Plaintiff was often only allowed to work on the projects for a couple of hours overtime and then Mr. Andrews had someone else come in for the rest of the shift, even if it required him to call in other employees from offices in other locations. On at least one occasion when Plaintiff was dismissed for the night and sent home, Mr. Andrews commented that Plaintiff needed to get his rest for the next day. Plaintiff's co-workers expressed concern about why he had to leave because that had never occurred previously. One of Plaintiff's co-employees even insisted that he be present for the entire project and were unaware of why Defendants were sending him home. The general workplace rule and policy was that everyone was required to stay until the job was completed.

    19. More recently, when working on a pipeline project, Plaintiff was sent home prior to the completion of the job, while the remainder of the group stayed on to work throughout the night. No reason was given for sending Plaintiff home on this occasion and this had never occurred before. This again had the effect of reducing Plaintiff's compensation.

    20. Shortly before Plaintiff's termination, on February 5, 2024, Operations Manager William Andrews was speaking with a new employee that had recently been hired to perform

some of the same duties and responsibilities as Plaintiff. This was the first day of work for the new hire, Mr. Travis Clark, who was 36 years old. Mr. Clark was being introduced for the first time to some of the other employees in the break room at the Florida Gas Transmission Company facility in Brooker, Florida. The introductions were being made by Operations Manager, William Andrews. There were four other employees in the break room apart from Mr. Andrews and Plaintiff Wallace. After Mr. Andrews introduced Mr. Clark to the other three individuals, he introduced Mr. Clark to Plaintiff Wallace by stating "that's grandpa." Mr. Wallace, taking offense at the way he was introduced, exclaimed to Mr. Andrews "excuse me." Mr. Andrews then repeated himself, only louder this time by calling Plaintiff "grandpa," again. Plaintiff Wallace corrected Mr. Andrews and stated "my name is Wallace, Wallace Wallace."

21. Prior to the above referenced February 5, 2024, comment by William Andrews there was another occasion in 2023 where Mr. Andrews made a discriminatory, pejorative reference to Plaintiff's age. At the time, several other employees including Operations Manager William Andrews and Mr. Wallace were talking about retirement. During this discussion Mr. Wallace stated, "I will probably be here a few more years because I haven't broken that record yet". This is something Mr. Wallace often said to his fellow employees because Mr. Wallace was aware of a former employee of Defendants who had been employed for several years longer than Mr. Wallace and who held the record for the employee with the greatest longevity. It had always been one of Mr. Wallace's goals to surpass that former employee's longevity record. William Andrews stated in response to Mr.

Wallace, "You probably won't be here within another year. You're too old."

22. During the course of Plaintiff's employment with Defendants, he consistently received excellent annual performance evaluations, received substantial yearly bonuses, and was never written up or otherwise subjected to any prior disciplinary action.

23. Subsequent to Plaintiff's termination all of Plaintiff duties and responsibilities were assumed by one or more substantially younger employees of Defendants, including Mr. Travis Clark who was the youngest employee out of 18 employees supervised by Operations Manager, William Andrews, and the most recent hire.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTE §760.01 ET. SEQ.

24. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 23.

25. Plaintiff would not have been terminated by Defendants but for his age.

26. As a direct and proximate result of his termination, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, emotional pain, suffering, humiliation, great expense, inconvenience, embarrassment, damage to his reputation, loss of enjoyment of life and other non-pecuniary losses.

27. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services therein.

28. The discriminatory practices described above were done by Defendant willfully, maliciously and with a reckless disregard of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgement interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C §621 ET SEQ.

29. Plaintiff hereby restates and realleges each and every allegation contained in Paragraphs 1 through 23, 26 and 27.

30. Plaintiff would not have been terminated by Defendants but for his age.

31. Defendant's course of conduct described above was willful, malicious and with a reckless disregard to Plaintiff's rights under federal law. As a result of said discrimination, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay with interest thereon, liquidated damages, and attorney's fees and costs, injunctive relief, prejudgment interest, reinstatement, and such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
1326 3rd Street South (SR A1A), Suite 2
Jacksonville Beach, Florida 32250
(904) 674-2222 (Telephone)
Primary email: thomas@job-rights.com
Secondary email: thomaslawfirm1@gmail.com

*/s/ Archibald J. Thomas, III*
Archibald J. Thomas, III
Florida Bar No. 231657
Trial Attorneys for Plaintiff

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[Florida Rule of Civil Procedure 1.200]

**THIS ACTION** is before the court for case management pursuant to Florida Rule of Civil Procedure 1.200. Therefore, it is **ADJUDGED** that:

1. This case is provisionally designated as a general civil case.

2. **TRIAL DATE**: The projected date for a non-jury trial shall be the first regular trial term taking place one year from a) the date of initial process on the last defendant or b) 120 days after commencement of the action, whichever occurs first. The projected date for a jury trial shall be the first regular trial term taking place eighteen months from a) the date of initial process on the last defendant or b) 120 days after commencement of the action, whichever occurs first. The presiding judge will enter an order scheduling pretrial conference and trial for a date certain after scheduling a case management conference. The trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/.  In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE OF COMPLAINTS**: Service of complaints should be completed within 120 days of filing. *See* Florida Rule of Civil Procedure 1.070(j).

---

4. **SERVICE UNDER EXTENSIONS:** For good cause shown, deadlines for extensions to serve process upon defendants shall be at the discretion of the trial judge. *See* Florida Rule of Civil Procedure 1.070(j).

5. **ADDING NEW PARTIES:** Requests for the addition of new parties shall be filed within 180 days of filing the complaint.

6. **COMPLETION OF FACT DISCOVERY:** Fact discovery shall be completed 75 days prior to the trial date set forth above.

7. **COMPLETION OF EXPERT DISCOVERY:** Expert discovery shall be completed 75 days prior to the trial date set forth above.

8. **FILING AND SERVICE OF MOTIONS FOR SUMMARY JUDGMENT:** Motions for summary judgment shall be filed and served a minimum of 90 days prior to the pretrial conference and shall be scheduled for hearing immediately upon filing.

9. **FILING AND RESOLUTION OF ALL OBJECTIONS TO PLEADINGS:** Objections to pleadings shall be filed and resolved a minimum of 30 days prior to the pretrial conference.

10. **FILING AND RESOLUTION OF ALL PRETRIAL MOTIONS**: All pretrial motions shall be filed and resolved a minimum of 30 days prior to the pretrial conference.

11. **GOOD FAITH CONFERRAL:** Prior to filing any motion, counsel filing the motion shall confer with the opposing party in a good faith effort to resolve the issues raised in the motion. The motion shall include a certificate of conferral which complies with Florida Rule of Civil Procedure 1.202(b).

12. **COMPLETION OF ALTERNATIVE DISPUTE RESOLUTION**: The parties shall conclude either non-binding arbitration or mediation at least 90 days prior to the trial date set forth above.

13. Deadlines established herein shall be strictly enforced unless changed by court order. *See* Florida Rule of Civil Procedure 1.200(e). Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so. This order may be modified when the case is scheduled for trial. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on January 9, 2025.

_____

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

*/s/ Archibald J. Thomas, III*            5/8/25
_____

Plaintiff or Plaintiff's Counsel            Date

Filing # ████████ E-Filed 05/09/2025 12:56:47 PM

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

      Plaintiff,

v.                                     Case No.:  25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

      Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

> Florida Gas Transmission Company, LLC, d/b/a EnergyTransfer
> c/o Registered Agent: Corporation Service Company
> 1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

> Archibald J. Thomas, III, Esquire
> 1326 3rd Street South, Suite 2
> Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on_____, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _____
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

UNOFFICIAL DOCUMENT

Case 3:25-cv-00630-WWB-MCR   Document 3   Filed 06/10/25   Page 21 of 79 PageID 112

**IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
IN AND FOR BRADFORD COUNTY, FLORIDA**

JACOB WALLACE,

     Plaintiff,

v.                              Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

     Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

Energy Transfer Employee Management, LLC
c/o Registered Agent: Corporation Service Company,
1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

Archibald J. Thomas, III, Esquire
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on_____, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _____
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

UNOFFICIAL DOCUMENT

Filing # ▓▓▓▓▓▓ E-Filed 05/09/2025 12:56:47 PM

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

      Plaintiff,

v.                                       Case No.:  25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

      Defendants.

_____/

### SUMMONS

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

Energy Transfer Interstate Holdings, LLC,
d/b/a ET Interstate Holdings, LLC
c/o Registered Agent: Corporation Service Company
2251 Little Falls Drive
Wilmington, DE 19808

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

Archibald J. Thomas, III, Esquire
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on_____, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _____
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

UNOFFICIAL DOCUMENT

Filing # ▆▆▆▆▆▆ E-Filed 05/09/2025 02:19:38 PM

Filing # ▆▆▆▆▆▆ E-Filed 05/09/2025 12:56:47 PM

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

      Plaintiff,

v.                                                                  Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

      Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

      Florida Gas Transmission Company, LLC, d/b/a EnergyTransfer
      c/o Registered Agent: Corporation Service Company
      1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

      Archibald J. Thomas, III, Esquire
      1326 3rd Street South, Suite 2
      Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for

the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on _May 9_, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _Kanetha Jenkins_
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

2

Filing # ▮▮▮▮▮▮▮ E-Filed 05/09/2025 02:19:38 PM

Filing # ▮▮▮▮▮▮▮ E-Filed 05/09/2025 12:56:47 PM

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

     Plaintiff,

v.                                         Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

                Energy Transfer Employee Management, LLC
            c/o Registered Agent: Corporation Service Company,
                  1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

                   Archibald J. Thomas, III, Esquire
                   1326 3rd Street South, Suite 2
                   Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.    If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on ___May 9___, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _Kanetra Jenkins_
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

2

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

     Plaintiff,

v.
                                        Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

     Defendants.

_____/

### SUMMONS

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

Energy Transfer Interstate Holdings, LLC,
d/b/a ET Interstate Holdings, LLC
c/o Registered Agent: Corporation Service Company
2251 Little Falls Drive
Wilmington, DE 19808

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

Archibald J. Thomas, III, Esquire
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for

the relief demanded in the complaint or petition.

    WITNESS my hand and the seal of this Court on_____May 9_____, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _Kandu Jenkins_
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280



2

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN
AND FOR BRADFORD COUNTY,
FLORIDA

JACOB WALLACE,

      Plaintiff,

vs.                                 Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, a/k/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This suit is for damages and injunctive relief pursuant to the Florida Civil Rights
Act of 1992, Fla. Stat. §760.01 et seq. and the Age Discrimination in Employment Act of 1967,
as amended, (hereinafter "ADEA"), 29 U.S.C. §621 et seq

### JURISDICTION

2. This is an action for damages in excess of $50,000.00 exclusive of prejudgment
interest, costs, reasonably attorney fees.

### PARTIES

3. Plaintiff is a 82 year old male. He is a citizen of the United States and was employed with Defendants or their predecessor company for 58 years prior to his termination on or about February 23, 2024.

4. At all times relevant to this Complaint, Defendant, Energy Transfer Interstate Holdings, LLC a/k/a ET Interstate Holdings, LLC, is a Delaware limited liability company, not currently licensed to do business in the state of Florida, employing twenty (20) or more people, and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

5. At all relevant times, Defendant Energy Transfer Employee Management, LLC, is a Delaware limited liability company, licensed to do business in the state of Florida and has continuously been doing business in Bradford County in the State of Florida and has continuously had at least 20 employees and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

6. At all relevant times, Florida Gas Transmission Company, LLC, d/b/a Energy Transfer, is a Delaware limited liability company, licensed to do business in the state of Florida and has continuously been doing business in Bradford County in the State of Florida and has continuously had at least 20 employees and is an "employer" within the meaning of the ADEA, and the Florida Civil Rights Act.

7. At all relevant times, Defendants Energy Transfer Interstate Holdings, LLC, d/b/a ET Interstate Holdings, LLC, Energy Transfer Employee Management, LLC and Florida Gas Transmission Company, LLC, d/b/a Energy Transfer, (collectively, "Defendants") have

continuously been employers engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

8. At all relevant times, Defendants have operated as either an integrated enterprise or single employer or alternatively as Plaintiff's joint employers for purposes of this lawsuit by virtue of their common management, the interrelationship of their operations, the centralized control over their employees, and their common ownership.

9. At all relevant times, Defendants, as either an integrated enterprise or single employer, or joint employer have continuously had at least 20 employees.

## CONDITIONS PRECEDENT

10. The Plaintiff has filed timely administrative charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations ("FCHR"). On November 4, 2024, the FCHR issued its determination finding that there was reasonable cause to believe an unlawful employment practice has occurred. The FCHR Reasonable Cause Determination is attached hereto as exhibit A. The EEOC similarly found reasonable cause to believe that violations of the statute occurred and issued a notice of Failure of Conciliation and ninety (90) day Notice of Right to Sue on February 12, 2025 which is attached hereto as exhibit B. This claim has further been filed within one year of the FCHR Reasonable Cause Finding and within 90 days of the EEOC Notice of Right to Sue. More than 60 days elapsed since the initial filing of the charge of discrimination with the EEOC. All conditions precedent have been complied with and this lawsuit is timely filed.

3

## STATEMENT OF THE FACTS

11. Plaintiff was initially hired by Florida Gas Transmission Company in October, 1965 and remained employed with Defendants and Defendants' predecessors for approximately fifty-eight (58) years. He remained employed with Defendants after Energy Transfer acquired Florida Gas Transmission Company until he was unlawfully terminated from employment on or about February 23, 2024.

12. At all relevant times, Defendants have operated as either an integrated enterprise or single employer or as Plaintiff's joint employers. For example:

a. All Defendants are owned in whole or in part and/or controlled by Energy Transfer, LP.

b. Florida Gas Transmission Company, LLC, d/b/a Energy Transfer is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. and is the name of the business location where Plaintiff was most recently employed at 14369 SW State Road 231, Brooker, Florida. Plaintiff's former immediate supervisor at Florida Gas Transmission Company, LLC, d/b/a Energy Transfer identifies himself to his customers as the Operations Manager of Florida Gas Transmission Company, LLC.

c. Defendants share human resources employees and functions.

d. Defendant Energy Transfer Employee Management LLC is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. Energy Transfer Employee Management LLC is Plaintiff's employer identified on Plaintiff's most recent Form W-2, Wage and Tax Statement.

e. Defendant Energy Transfer Interstate Holdings, LLC, a/k/a ET Interstate Transfer, LLC

4

is a subsidiary of both Energy Transfer, LP and Energy Transfer Operating, L.P. and was identified by its counsel as Plaintiff's employer during the EEOC and FCHR administrative proceedings. Defendant Energy Transfer Interstate Holdings, LLC, d/b/a ET Interstate Holdings, LLC was further identified as Plaintiff's employer at the time of Plaintiff's termination by its Executive Vice President and Chief Human Resources Officer, Christopher Curia and by Plaintiff's supervisor as reflected in the Separation Agreement and Release of claims provided by Defendants to Plaintiff on the day of Plaintiff's termination.

13. Plaintiff held the position of lead pipeline technician. He was fully qualified for the position and performed his job in an exemplary manner.

14. On Friday, February 23, 2024, Plaintiff was asked to meet with the operations manager, William Andrews, and Sr. Operations manager, Cody Arnold,, in a local hotel conference room. Plaintiff assumed he was being terminated because in the previous 58 years a meeting scheduled with an employee offsite consistently resulted in the employee's termination. Plaintiff had no idea why he would be terminated because Defendant's had no cause to terminate him. He had never been subjected to any previous disciplinary action, his previous performance evaluations were consistently excellent and he had engaged in no misconduct or other improper behavior. When Plaintiff arrived at the meeting, he was presented with a Separation Agreement containing a full release of claims including claims of age discrimination against respondent in return for severance pay in the amount of $30,000. This Separation Agreement was unsolicitied by Plaintiff and was presented to Plaintiff upon his arrival at the hotel conference room. The Separation Agreement (attached

5

hereto as exhibit C) accurately stated that "[e]mployee has been informed that his employment will be terminated as of the termination date." The Separation Agreement and Full Release of Claims further provided that "[e]mployee's employment with [e]mployer shall terminate effective March 1, 2024." At no time during this meeting or thereafter did Plaintiff resign nor did he ever verbally indicate that he would resign nor was any letter of resignation ever submitted.

15. During Plaintiff's termination meeting referenced above Plaintiff was informed that the separation agreement must be returned by Monday, February 26, 2024. However, after reviewing the separation agreement, Plaintiff realized that the pressure being placed on him by Defendants to sign the separation agreement was improper because the agreement itself stated that he had 21 days to consider it and seven days to revoke it after signing. Plaintiff originally signed the separation agreement on March 4, 2024, ten days after his actual termination and three days after the effective date of his termination as described in the Separation Agreement and Full Release of Claims. However, after considering it further, he revoked the agreement on March 8, 2024.

16. Plaintiff was informed at the time of his termination that he was being terminated for "refusal to do your duties." This was a false and pretextual claim. In his 58 years of employment Plaintiff had never refused to perform his duties.

17. Defendant's articulated reasons for terminating Plaintiff were false and merely a pretext for unlawful age discrimination.

18. Several months prior to his termination, William Andrews, Operations Manager,

6

began reducing Plaintiff's work hours in 2023. Mr. Andrews also informed Plaintiff that he could no longer work with contractors. There was no reason given for this reduction in Plaintiff's hours. This restriction on Plaintiff's work hours and duties had the effect of reducing Plaintiff's overtime pay. Mr. Andrews further limited Plaintiff's duties by not allowing him to work on many projects, work only minimal overtime, and requiring Plaintiff to contact him prior to working any overtime with construction watches. Plaintiff was often only allowed to work on the projects for a couple of hours overtime and then Mr. Andrews had someone else come in for the rest of the shift, even if it required him to call in other employees from offices in other locations. On at least one occasion when Plaintiff was dismissed for the night and sent home, Mr. Andrews commented that Plaintiff needed to get his rest for the next day. Plaintiff's co-workers expressed concern about why he had to leave because that had never occurred previously. One of Plaintiff's co-employees even insisted that he be present for the entire project and were unaware of why Defendants were sending him home. The general workplace rule and policy was that everyone was required to stay until the job was completed.

19. More recently, when working on a pipeline project, Plaintiff was sent home prior to the completion of the job, while the remainder of the group stayed on to work throughout the night. No reason was given for sending Plaintiff home on this occasion and this had never occurred before. This again had the effect of reducing Plaintiff's compensation.

20. Shortly before Plaintiff's termination, on February 5, 2024, Operations Manager William Andrews was speaking with a new employee that had recently been hired to perform

7

many of the same duties and responsibilities as Plaintiff. This was the first day of work for the new hire, Mr. Travis Clark, who was 36 years old. Mr. Clark was being introduced for the first time to some of the other employees in the break room at the Florida Gas Transmission Company facility in Brooker, Florida. The introductions were being made by Operations Manager, William Andrews. There were four other employees in the break room apart from Mr. Andrews and Plaintiff Wallace. After Mr. Andrews introduced Mr. Clark to the other three individuals, he introduced Mr. Clark to Plaintiff Wallace by stating "that's grandpa." Mr. Wallace, taking offense at the way he was introduced, exclaimed to Mr. Andrews "excuse me." Mr. Andrews then repeated himself, only louder this time by calling Plaintiff "grandpa," again. Plaintiff Wallace corrected Mr. Andrews and stated "my name is Wallace, Wallace Wallace."

21. Prior to the above referenced February 5, 2024, comment by William Andrews there was another occasion in 2023 where Mr. Andrews made a discriminatory, pejorative reference to Plaintiff's age. At the time, several other employees including Operations Manager William Andrews and Mr. Wallace were talking about retirement. During this discussion Mr. Wallace stated, "I will probably be here a few more years because I haven't broken that record yet". This is something Mr. Wallace often said to his fellow employees because Mr. Wallace was aware of a former employee of Defendants who had been employed for several years longer than Mr. Wallace and who held the record for the employee with the greatest longevity. It had always been one of Mr. Wallace's goals to surpass that former employee's longevity record. William Andrews stated in response to Mr.

8

Wallace, "You probably won't be here within another year. You're too old."

22. During the course of Plaintiff's employment with Defendants, he consistently received excellent annual performance evaluations, received substantial yearly bonuses, and was never written up or otherwise subjected to any prior disciplinary action.

23. Subsequent to Plaintiff's termination all of Plaintiff duties and responsibilities were assumed by one or more substantially younger employees of Defendants, including Mr. Travis Clark who was the youngest employee out of 18 employees supervised by Operations Manager, William Andrews, and the most recent hire.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTE §760.01 ET. SEQ.

24. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 23.

25. Plaintiff would not have been terminated by Defendants but for his age.

26. As a direct and proximate result of his termination, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, emotional pain, suffering, humiliation, great expense, inconvenience, embarrassment, damage to his reputation, loss of enjoyment of life and other non-pecuniary losses.

27. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services therein.

9

28. The discriminatory practices described above were done by Defendant willfully, maliciously and with a reckless disregard of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgement interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C §621 ET SEQ.

29. Plaintiff hereby restates and realleges each and every allegation contained in Paragraphs 1 through 23, 26 and 27.

30. Plaintiff would not have been terminated by Defendants but for his age.

31. Defendant's course of conduct described above was willful, malicious and with a reckless disregard to Plaintiff's rights under federal law. As a result of said discrimination, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay with interest thereon, liquidated damages, and attorney's fees and costs, injunctive relief, prejudgment interest, reinstatement, and such other relief that the Court deems just and proper.

10

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
1326 3rd Street South (SR A1A), Suite 2
Jacksonville Beach, Florida 32250
(904) 674-2222 (Telephone)
Primary email: thomas@job-rights.com
Secondary email: thomaslawfirm1@gmail.com

*/s/ Archibald J. Thomas, III*
Archibald J. Thomas, III
Florida Bar No. 231657
Trial Attorneys for Plaintiff

11

# EXHIBIT A





### State of Florida
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*
4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*

**Angela Primiano**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. ▉▉▉▉▉▉
EEOC No. ▉▉▉▉▉▉▉▉▉▉
CERTIFIED MAIL No.: ▉▉▉▉▉▉▉▉▉▉▉

Jacob Wallace                                   **COMPLAINANT**
c/o Archibald J. Thomas, III, Esquire
Archibald J. Thomas, III, P.A.
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

Energy Transfer Employee Management LLC          **RESPONDENT**
c/o Kim Tran, Esquire
8111 Westchester Drive, Suite 600
Dallas, TX 75225

### DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination with the Florida Commission on Human Relations (Commission) alleging that Respondent committed unlawful discrimination on the basis of age in violation of the Florida Civil Rights Act of 1992. As required in Rule 60Y-5.004(1), Florida Administrative Code (F.A.C.), the Commission's Office of Employment Investigations completed an investigation of this matter, which is reported in the Investigative Memorandum, and the Commission's Office of General Counsel, following a review of this matter, made a recommendation to me, as Executive Director of the Commission, that there is reasonable cause to believe that an unlawful employment practice has occurred.

Pursuant to the authority delegated to me in Rule 60Y-5.004(3), F.A.C., I accept the Office of General Counsel's recommendation and issue this Determination: Reasonable Cause. Based upon this determination, the Clerk shall serve both the Determination and the attached Notice of Determination upon the parties.

Cheyanne Costilla, Executive Director                Dated: _Nov. 4_, 2024.

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Angela Primiano** *(Chair)* *Hollywood* | **Larry Hart** *(Vice Chair)* *Fort Myers* | **Brian Battaglia** *Tampa* | **Dawn Hanson** *Tallahassee* |
| **Darrick D. McGhee Sr.** *Tallahassee* | **Matthew Klein** *Orlando* | **Kenyetta Mullins Moyé** *Tallahassee* | **Jay Pichard** *Tallahassee* |
| | **Pamela Payne** *Jacksonville* | | |



*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*
4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*

**Angela Primiano**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. 
EEOC No. ███████████

Jacob Wallace                                    **COMPLAINANT**
c/o Archibald J. Thomas, III, Esquire
Archibald J. Thomas, III, P.A.
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

Energy Transfer Employee Management LLC          **RESPONDENT**
c/o Kim Tran, Esquire
8111 Westchester Drive, Suite 600
Dallas, TX 75225

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred.  A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director.  A blank Petition for Relief form is enclosed with Complainant's notice.  It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief.  This determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.
In addition, Complainant has a right to request that the EEOC review this determination.  To secure a review, Complainant must request it in writing either within 50 days of the date the determination was signed by the Executive Director, or if a Petition for Relief is filed, within 15 days of the final resolution of the administrative process.  Requests should be directed to: The Equal Employment

**COMMISSIONERS**

| | | | |
|---|---|---|---|
| **Angela Primiano** *(Chair)* | **Larry Hart** *(Vice Chair)* | **Brian Battaglia** | **Dawn Hanson** |
| *Hollywood* | *Fort Myers* | *Tampa* | *Tallahassee* |
| **Darrick D. McGhee Sr.** | **Matthew Klein** | **Kenyetta Mullins Moyé** | **Jay Pichard** |
| *Tallahassee* | *Orlando* | *Tallahassee* | *Tallahassee* |
| | **Pamela Payne** | | |
| | *Jacksonville* | | |

Opportunity Commission, State and Local Department, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination.  Please contact the Commission's Customer Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this 4th day of November, 2024, by U.S. and Electronic Mail.

By: _____*Amber Flowers*_____
     Clerk of the Commission Assistant

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On: 02/12/2025

**To:** Jacob Wallace
c/o Archibald J. Thomas, III, Esquire
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

Charge No: 15D-2024-01007

EEOC Representative and email:    Frank Hernandez
State, Local & Tribal Program Manager
Frank.Hernandez@eeoc.gov

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
02/12/2025

Evangeline Hawthorne
Director

**Cc: Energy Transfer Employee Management LLC**
**c/o Kim Tran, Esquire**
**8111 Westchester Drive, Suite 600**
**Dallas, TX 75225**

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 15D-2024-01007 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 15D-2024-01007 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT C

## SEPARATION AGREEMENT AND FULL RELEASE OF CLAIMS

This Separation Agreement and Full Release of Claims (the "Agreement") is by and between ET Interstate Holdings, LLC on behalf of itself and its subsidiaries and affiliates ("Employer") and Jacob Wallace ("Employee").

WHEREAS, Employee has been informed that his employment will be terminated as of the Termination Date (as that term is defined below); and

WHEREAS, in order to achieve a final and amicable resolution of the employment relationship in all its aspects, the Employer has agreed, in accordance with the terms and conditions of this Agreement as set forth below, to provide consideration to the Employee in exchange for a full release of claims.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1.  **Separation from Employment**. Employee's employment with Employer shall terminate effective March 01, 2024 (the "Termination Date").

2.  **Consideration for Signing**.  As consideration for this Agreement, Employer agrees to the following:

(a)  Employer agrees to pay Employee a Separation Payment in the total gross amount of Thirty Thousand Dollars and Zero Cents ($30,000.00) ("Separation Payment"), less all required governmental payroll deductions and withholdings. The Separation Payment shall be paid out in accordance with the Employer's then current payroll practices, currently bi-weekly payments, on or before the second regularly scheduled pay day after the Effective Date as defined herein.

The consideration given to Employee hereunder is expressly and completely conditioned upon Employee's full compliance with the terms and conditions set forth herein. Notwithstanding anything herein to the contrary, and in addition to any and all other remedies and alternatives which may be available at law or in equity, in the event of a breach or threatened breach of the provisions of this Agreement by Employee, Employer may (in its sole discretion) cease without further obligation to Employee to provide the consideration set forth in this section.

3.  **No Additional Benefits**. Employee agrees that this Agreement resolves any and all outstanding issues arising from Employee's employment and Employee acknowledges and agrees that Employee has received all compensation and benefits to which Employee would otherwise be entitled through the Termination Date and shall receive no other compensation or benefits other than those set forth above, including but not limited to compensation or benefits under the Energy Transfer/Crestwood Merger Severance Plan and Summary Plan Description, Energy Transfer LP Severance Plan, the Energy Transfer Non-Midstream Business Severance Plan, the Sunoco GP LLC Severance Plan, the Energy Transfer LP Annual Bonus Plan, and the Sunoco GP LLC Annual Bonus Plan. However,

-1-

Employee shall retain any vested interest and vested rights that Employee may otherwise have under any employee benefit plan sponsored by Employer (including any required COBRA continuation coverage under Section 4980B of the Internal Revenue Code of 1986, as amended), subject to the terms and conditions of such plan.

4.    **Release of Claims**. Employee stipulates, agrees, and understands that for and in consideration of the mutual covenants set forth in this Agreement, specifically including the consideration set forth in <u>Section 2</u> above, the same being good and valuable consideration, Employee hereby acting of Employee's own free will, voluntarily and on behalf of him or herself, Employee's heirs, administrators, executors, successors and assigns, RELEASES, ACQUITS and forever DISCHARGES Employer and Employer's parent entities, specifically including LE GP, LLC, and its and their respective past and present subsidiaries, affiliates (specifically including Energy Transfer LP, Sunoco LP, La Grange Acquisition, L.P., Sunoco Logistics Partners GP LLC, Sunoco Partners Lease Acquisition & Marketing LLC, Panhandle Eastern Pipe Line Company, LP, and Energy Transfer Partners, L.L.C.), partners, directors, officers, owners, shareholders, unitholders, employees, predecessors, joint employers, successor employers, agents and benefit plans (including without limitation, plan sponsors, insurers, trustees, administrators, and fiduciaries), and each of them (collectively "Released Parties"), of and from any and all debts, obligations, claims, counterclaims, demands, judgments, and/or causes of action of any kind whatsoever (whether known or unknown, in tort, contract, at law or in equity, by statute or regulation, or on any basis), based on facts occurring at any time before, or at the time of, Employee's signing of this Agreement, for any damages or other remedies of any kind, including, without limitation, direct or indirect, consequential, compensatory, actual, punitive, or any other damages, attorneys' fees, expenses, reimbursements, costs of any kind or reinstatement. This release includes, but is not limited to, any and all rights or claims, demands, and/or causes of action arising out of Employee's employment or termination from employment with Employer, or relating to purported employment discrimination, retaliation or violations of civil rights, if any, including, but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866 and/or 1871, the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act of 1990, the Americans With Disabilities Act of 1990, Executive Order 11246, the Equal Pay Act of 1963, the Rehabilitation Act of 1973, the Family and Medical Leave Act, the Sarbanes-Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act ("WARN"), or any other applicable federal, state, or local statute or ordinance or any other claim, whether statutory or based on common law, arising by reason of Employee's employment with Employer or the termination of such employment or circumstances related thereto, or by reason of any other matter, cause, or thing whatsoever, from the first date of employment with Employer to the date and time of execution of this Agreement.

In addition, by signing this Agreement, the Employee also acknowledges and agrees that he is not aware of any information, circumstances or events which may or could reasonably be expected to result in any liability or potential liability to the

Employer under any applicable law, rule or regulation of any state, federal or local governing or regulatory agency with jurisdiction over the Employer.

Nothing in this Agreement (including Sections 7 (Negative Statements By Employee) or 9 (Cooperation) of this Agreement) is intended to limit in any way Employee's right or ability to file a charge with or participate in an investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC") or any other federal, state or local agency charged with the enforcement of any laws. However, this Agreement does bar Employee's right to recover any personal or monetary relief arising out of any charge, lawsuit, or arbitration, brought by Employee or anyone on his behalf, based on any claim(s) covered by the release in this Agreement.

Employee has a period of twenty-one (21) days in which to consider this Agreement. Employee may choose to sign this Agreement prior to the expiration of the twenty-one (21) day period, but is not required to do so. Once Employee signs the Agreement, Employee shall have a period of seven (7) days from the date Employee signs the Agreement to revoke the Agreement. The Agreement shall not become effective or enforceable until the eighth day after Employee signs the Agreement (the "Effective Date"). To revoke this Agreement, Employee must provide written notice of revocation to Employer at Attention: Christopher Curia, Executive Vice President and Chief Human Resources Officer, 1300 Main Street 15th Floor, Houston, TX 77002, prior to the expiration of the seven (7) day revocation period. No consideration under this Agreement shall be due until the expiration of the seven (7) day revocation period. Employer hereby advises Employee to consult with an attorney concerning this Agreement prior to executing the Agreement.

5.    **Confidential and Proprietary Information**. Employee acknowledges, agrees and stipulates that during his employment Employee had access to confidential and proprietary information relating to the business and affairs of Employer and its parent, subsidiary, and affiliated entities including, by way of example, (i) financial information, including budgets or projections, business plans, pricing policies or strategies, tariff information, business methods, or any other financial, marketing, pricing, or regulatory strategic information; (ii) information about existing or potential customers and their representatives, including customer identities, lists, preferences, customer services and all other customer information; (iii) information about pending or threatened legal or regulatory proceedings; (iv) information about employees and the terms and conditions of their employment; (v) computer techniques, programs and software; (vi) information about potential acquisitions or divestitures; and (vii) any other non-public information that cannot be obtained readily by the public and would be useful or helpful to competitors, customers or industry trade groups if disclosed (collectively, "Confidential Information"). Employee agrees that Employee shall not, at any time, directly or indirectly, for any reason whatsoever, with or without cause, unless pursuant to a lawful subpoena or court order, use, disseminate or disclose any of the Confidential Information to any person or entity. Employee further acknowledges that if Employee were to use or disclose, directly or indirectly, the Confidential Information, that such use and/or

disclosure would cause Employer irreparable harm and injury for which no adequate remedy at law exists. Therefore, in the event of the breach or threatened breach of the provisions of this Agreement by Employee, Employer shall be entitled to obtain injunctive relief to enjoin such breach or threatened breach, in addition to all other remedies and alternatives which may be available at law or in equity. Employee acknowledges that the remedies contained in the Agreement for violation of this Agreement are not the exclusive remedies which Employer may pursue.

6.    **Employer's Property**. Employee represents that Employee has returned to Employer all written and electronic records, communications, reports, and other materials and data, including any copies, and also all other tangible items, such as computer equipment, cell phone, access cards, identification badges, purchasing cards and telephone cards, that belong to Employer and are in Employee's possession or under Employee's control.

7.    **Negative Statements By Employee**.  To the extent permitted and consistent with law, Employee further agrees that Employee will make no derogatory, disparaging, defamatory or otherwise negative statements, oral or written, concerning, Employer or any of Employer's parents, subsidiaries or affiliates or any officers, directors, or employees of any of those businesses or any of the services or products of any of those businesses, that are maliciously untrue and made with knowledge of their falsity or with reckless disregard for their truth or falsity. This paragraph is not intended to limit any rights that Employee has under any statute, regulation, or other law, including his rights under Section 7 of the National Labor Relations Act.

8.    **Expense Reimbursement**. Employee agrees that any expense reimbursements for expenses incurred during Employee's employment with Employer must be submitted for reimbursement to Employer within six (6) months of the Termination Date. With regard to the required form for any reimbursement request and supporting documentation, Employer's normal policies and rules apply. Employer retains its normal right to reject or approve expense reimbursements subject to its normal policies. Any expense reimbursements submitted by Employee more than six (6) months following the Termination Date shall not be approved.

9.    **Cooperation**. For a period of twenty-four (24) months following the Termination Date, Employee agrees to cooperate with Employer as reasonably requested by responding to questions, attending meetings, depositions, governmental proceedings and court hearings, and by cooperating with Employer and its accountants and legal counsel with respect to any investigations, claims or litigation or business, accounting, audit, legal or regulatory issues of which Employee has knowledge. Employer agrees to reimburse Employee for reasonable out-of-pocket expenses actually incurred for travel, meals and lodging, in accordance with Employer's then existing policies, for providing cooperation specifically requested by Employer.

10.    **Non-Admission**. This Agreement, and the payment of money and other consideration provided by Employer under this Agreement, is not an admission or indication of any wrongdoing by Employer or Employee.

-4-

11.  **Entire Agreement**. Employee agrees that this Agreement constitutes the complete agreement between the parties and that no other representations have been made by Employer and that the terms hereof may not be modified except by a written instrument signed by Employer and Employee.

12.  **Severability**. In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

13.  **Interpretation Under State Law**. This Agreement shall be construed under the laws of the State of Texas without regard to any conflict of laws provisions thereunder.

14.  **Headings.** The headings used in this Agreement are inserted solely for convenience and shall not be used to interpret the meaning of this document.

15.  **Knowing and Voluntary**. By signing below, Employee knowingly and voluntarily accepts this Agreement and does so of Employee's own free will.

16.  **Section 409A**. Notwithstanding anything in this Agreement to the contrary, the parties intend that this Agreement shall comply with Section 409A of the Internal Revenue Code of 1986, as amended, to the extent applicable, and this Agreement shall be interpreted in a manner consistent with such intent. Notwithstanding anything to the contrary, to the extent that any benefit under this Agreement is determined to be subject to Section 409A of the Code, in no event shall the Employer or any of its affiliates, or any director, officer, employee, delegate, agent or representative thereof, be responsible for any tax, penalty or other liability arising from a violation of Section 409A.

**[SIGNATURE PAGE FOLLOWS]**

-5-

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement effective as of the date set forth below.

**EMPLOYER**

ET Interstate Holdings, LLC

_____

Christopher Curia, EVP & CHRO

Dated: _____

**EMPLOYEE**

_____

Jacob Wallace
Emp ID #: 00200267

Dated: 3/4/24

Please return executed originals of this Agreement by regular mail to <u>Christopher Curia, Executive Vice President and Chief Human Resources Officer, 1300 Main Street 15th Floor, Houston, TX 77002 or by facsimile to (713) 989-1193.</u>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 14, 2025, I electronically filed the foregoing Amended

Complaint and Demand for Jury Trial through the Florida E-Filing Portal and served a copy of the

thereof via U.S. MAIL ONLY as follows:

Florida Gas Transmission Company, LLC, d/b/a EnergyTransfer
c/o Registered Agent: Corporation Service Company
1201 Hays St., Tallahassee, FL 32301.

Energy Transfer Employee Management, LLC
c/o Registered Agent: Corporation Service Company,
1201 Hays St., Tallahassee, FL 32301.

Energy Transfer Interstate Holdings, LLC,
a/k/a ET Interstate Holdings, LLC
c/o Registered Agent: Corporation Service Company
2251 Little Falls Drive
Wilmington, DE 19808


_/s/ Archibald J. Thomas, III_
Attorney

## RETURN OF SERVICE

**State of Florida**                    **County of BRADFORD**                    **8TH JUDICIAL CIRCUIT Court**

Case Number: 25-CA-000180

Plaintiffs:
**JACOB WALLACE,**

vs.

Defendant:
**ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, D/B/A ET INTERSTATE HOLDINGS, LLC, A FOREIGN LIMITED LIABILITY COMPANY, ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC, A FOREIGN LIMITED LIABILITY COMPANY, AND FLORIDA GAS TRANSMISSION COMPANY, LLC, D/B/A ENERGY TRANSFER, A FOREIGN LIMITED LIABILITY COMPANY,**

For:
ARCHIBALD THOMAS, III
ARCHIBALD J. THOMAS, III, P.A.
1326 3RD STREET SOUTH
( SR A1A ) SUITE 2
JACKSONVILLE, FL 32250

Received by NOLAN PROCESS SERVERS, LLC on the 19th day of May, 2025 at 2:22 pm to be served on **ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC C/O CORPORATION SERVICE COMPANY,   REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **20th day of May, 2025 at 8:20 am, I:**

**CORPORATE / LLC:**  served by delivering a true copy of the SUMMONS, STANDING CASE MANAGEMENT ORDER,  COMPLAINT AND DEMAND FOR JURY TRIAL PRELIMINARY STATEMENT, with the date and hour of service endorsed thereon by me, to: **DENNIS RATLIFFE** as **AUTHORIZED REPRESENTATIVE**  for the Registered Agent of ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT  at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: M, Race/Skin Color: WHITE, Height: 6'0", Weight: 210, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2025007867

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

Filing # ▮▮▮▮▮▮ E-Filed 05/09/2025 02:19:38 PM    Date: 5/20/25 Time: 8:20A

MCN #111

is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

Filing # ▮▮▮▮▮▮ E-Filed 05/09/2025 12:56:47 PM

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

     Plaintiff,

v.                                                          Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

     Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

     Energy Transfer Employee Management, LLC
     c/o Registered Agent: Corporation Service Company,
     1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

     Archibald J. Thomas, III, Esquire
     1326 3rd Street South, Suite 2
     Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

Electronically Filed Bradford Case # 25000180CAAXMX 05/09/2025 12:56:47 PM

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for

the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on ___May 9___ , 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _Lanetra Jenkins_
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

2

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of BRADFORD** | **8TH JUDICIAL CIRCUIT Court** |

Case Number: 25-CA-000180

Plaintiffs:
**JACOB WALLACE,**

vs.

Defendant:
**ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, D/B/A ET INTERSTATE HOLDINGS, LLC, A FOREIGN LIMITED LIABILITY COMPANY, ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC, A FOREIGN LIMITED LIABILITY COMPANY, AND FLORIDA GAS TRANSMISSION COMPANY, LLC, D/B/A ENERGY TRANSFER, A FOREIGN LIMITED LIABILITY COMPANY,**

For:
ARCHIBALD THOMAS, III
ARCHIBALD J. THOMAS, III, P.A.
1326 3RD STREET SOUTH
( SR A1A ) SUITE 2
JACKSONVILLE, FL 32250

Received by NOLAN PROCESS SERVERS, LLC on the 19th day of May, 2025 at 2:22 pm to be served on **FLORIDA GAS TRANSMISSION COMPANY, LLC, D/B/A ENERGY TRANSFER C/O CORPORATION SERVICE COMPANY,   REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **20th day of May, 2025 at 8:20 am, I:**

**CORPORATE / LLC:** served by delivering a true copy of the **SUMMONS, STANDING CASE MANAGEMENT ORDER,  COMPLAINT AND DEMAND FOR JURY TRIAL PRELIMINARY STATEMENT**, with the date and hour of service endorsed thereon by me, to: **DENNIS RATLIFFE as AUTHORIZED REPRESENTATIVE**  for the Registered Agent of FLORIDA GAS TRANSMISSION COMPANY, LLC, D/B/A ENERGY TRANSFER C/O CORPORATION SERVICE COMPANY,   REGISTERED AGENT  at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: M, Race/Skin Color: WHITE, Height: 6'0", Weight: 210, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2025007868

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

Filing # 222810464 E-Filed 05/09/2025 02:19:38 PM

Filing ▓▓▓▓▓▓▓ E-Filed 05/09/2025 12:56:47 PM

Date: _S120/25_ Time: _8:20A_
MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

## IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR BRADFORD COUNTY, FLORIDA

JACOB WALLACE,

     Plaintiff,

v.                                   Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, d/b/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company

     Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Civil Cover Sheet and

Standing Case Management Order in this action on the Defendant:

Florida Gas Transmission Company, LLC, d/b/a EnergyTransfer
c/o Registered Agent: Corporation Service Company
1201 Hays St., Tallahassee, FL 32301.

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,

whose name and address is:

Archibald J. Thomas, III, Esquire
1326 3rd Street South, Suite 2
Jacksonville Beach, FL 32250

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to

file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter.   If a Defendant fails to do so, a default will be entered against that Defendant for
the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court on ___May  9___, 2025.

**DENNY THOMPSON**
Clerk of the Circuit Court

By: _Kanetha Jenkins_
Deputy Clerk
Civil Divion
Bradford County Courthouse
945 N. Temple Ave.
Starke, FL 32091
Phone (904) 966-6280

UNOFFICIAL DOCUMENT

2

**BRANDYWINE PROCESS SERVERS, LTD.**

PO BOX 1360
Wilmington, DE 19899
+13024752600
brandywineps@comcast.net
www.wilmingtonprocessserver.com

# INVOICE

**BILL TO**
Law Offices of Archibald J.
Thomas, III
1326 3rd St S. (SR A1A),
Ste 2
Jacksonville Beach, FL
32250

**INVOICE #** 21905c
**DATE** 05/14/2025
**DUE DATE** 06/13/2025
**TERMS** Net 30

| DATE | CASE CAPTION | AMOUNT |
|------|--------------|--------|
| 05/14/2025 | JACOB WALLACE    V    ENERGY TRANSFER INTERSTATE HOLDINGS | |
| | SERVICE C/O CSC | 89.00 |

| | BALANCE DUE | **$89.00** |
|---|---|---|

Pay invoice

TAX ID # 51-0267938

# Affidavit of Process Server

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR BRADFORD COUNTY, FLORIDA

| JACOB WALLACE | VS | ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, d/b/a ET INTERSTATE HOLDINGS, LLC, et al. | 25-CA-000180 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I GILBERT DEL VALLE _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.  RECEIVED 05/14/2025

**Service:** I served ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, d/b/a ET INTERSTATE HOLDINGS, LLC
NAME OF PERSON / ENTITY BEING SERVED

with (list documents)

SUMMONS, CIVIL COVER SHEET, STANDING ORDER MANAGEMENT ORDER AND COMPLAINT

by leaving with CORPORATION SERVICE COMPANY AS REGISTERED AGENT, ACCEPTED BY: LYNANNE GARES    At
(MANAGING AGENT EMPLOYED BY REGISTERED AGENT)

☒ Business   251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

ADDRESS                                    CITY / STATE

On          05/14/2025          AT       3:00 PM
DATE                              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____
CITY                STATE                ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Canceled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE           TIME                      DATE           TIME

(3)_____ (4)_____ (5)_____
DATE       TIME              DATE        TIME              DATE       TIME

Age 55   Sex FEMALE Race WHITE Height 5'5   Weight 150    HAIR  BROWN

GILBERT DEL VALLE
BRANDYWINE PROCESS SERVERS, LTD.,
PO BOX 1360, WILMINGTON, DE 19899

SUBSCRIBED AND SWORN to before me this 14TH day of MAY ,2025.

SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2028

NOTARY PUBLIC for the state of  DELAWARE

Filing # ████████ E-Filed 06/03/2025 04:44:00 PM

IN THE CIRCUIT COURT OF THE
EIGHT JUDICIAL CIRCUIT IN
AND FOR BRADFORD COUNTY,
FLORIDA

JACOB WALLACE,

     Plaintiff,

v.

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, a/k/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited liability
company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited liability
company,

     Defendant.

CASE NO.: 25-CA-000180

---

## DEFENDANTS' MOTION FOR ENLARGMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Defendants ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, a/k/a ET INTERSTATE HOLDINGS, LLC, ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC, and FLORIDA GAS TRANSMISSION COMPANY, LLC, d/b/a ENERGY TRANSFER ("Defendants"), by and through undersigned counsel and pursuant to Rule 1.090(b), Florida Rules of Civil Procedure, moves this Court for an enlargement of time until June 17, 2025 within which to respond to Plaintiff's Amended Complaint. In support of this Motion, Defendants state as follows:

1.    Plaintiff filed this action on May 7, 2025.

2.    On May 9, 2025, the Court issued summons as to the Defendants.

3.    Plaintiff filed an Amended Complaint on May 14, 2025.

4.      The Summons and Amended Complaint was served upon Defendant Energy Transfer Interstate Holdings on May 14, and on the remaining Defendants on May 20, 2025.  A responsive pleading for Energy Transfer Interstate Holdings is due on June 3, 2025.

5.      Undersigned counsel was recently retained, and Defendants are in the process of obtaining information necessary to fully respond to the allegations.

6.      Given the foregoing, Defendants respectfully requests an extension of time through and including June 17, 2025 to file a responsive pleading to Plaintiff's Complaint.

7.      Defendants' counsel certifies that they have contacted Plaintiff's counsel, Archibald J. Thomas, III, and Plaintiff's counsel conditioned his consent on the present extension upon the exchange of information regarding the merits of the case. As undersigned counsel was only recently retained and is not in the position to exchange substantive information at this juncture, it appears the requested extension is opposed.

8.      The requested extension of time will not otherwise delay any of the proceedings in this matter.

WHEREFORE, Defendants, ENERGY TRANSFER INTERSTATE HOLDINGS, LLC; ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC; and FLORIDA GAS TRANSMISSION COMPANY, LLC respectfully request this Honorable Court to enter an Order granting this Motion, extending the time for Defendants to respond to the Amended Complaint through June 17, 2025.

Dated: June 3, 2025

Respectfully submitted,

/s/ West Holden
Jessica T. Travers
Fla. Bar No. 18129
Email:  jtravers@littler.com
West Holden
Florida Bar No. 113569
Email: wholden@littler.com

LITTLER MENDELSON P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL 32801-2366
Telephone:      407.393.2900
Facsimile:      407.393.2929

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June 2025, I electronically filed the foregoing with the Clerk of the Court by using Florida Courts E-Portal which will provide electronic service to all counsel of records.

**Service List**

Archibald J. Thomas, III
ARCHIBALD J. THOMAS, III, P.A.
1326 3rd Street South (SR Al A), Suite 2
Jacksonville Beach, Florida 32250
Primary email: thomas@job-rights.com
Secondary email: thomaslawfirml @gmail.com

/s/ West Holden
West Holden

3

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN
AND FOR BRADFORD COUNTY,
FLORIDA

JACOB WALLACE,

      Plaintiff,

vs.                                                                                      Case No.: 25-CA-000180

ENERGY TRANSFER INTERSTATE
HOLDINGS, LLC, a/k/a ET INTERSTATE
HOLDINGS, LLC, a foreign limited
liability company, ENERGY TRANSFER
EMPLOYEE MANAGEMENT, LLC, a
foreign limited liability company, and
FLORIDA GAS TRANSMISSION
COMPANY, LLC, d/b/a ENERGY
TRANSFER, a foreign limited
liability company,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

      Plaintiff, Jacob Wallace, by and through undersigned counsel hereby submits this

Response in opposition to Defendant's Motion for Enlargement of Time within which to

Respond to Plaintiff's Amended Complaint. In support of this Response, Plaintiff states as

follows:

      1. Defendants have alleged in their motion that "Plaintiff's counsel conditioned his

consent on the present extension upon the exchange of information regarding the merits of the case."

      2. As reflected in the attached Exhibit A Plaintiff requested no information about the

merits of the case. Rather, Plaintiff merely requested the name, address and registered agent of ET Interstate Holdings, LLC.

3. Plaintiff requested this information for three primary reasons. One, Defendant ET Interstate Holdings, LLC has been identified by it's counsel as Plaintiff's employer on more than one occasion including representations made to the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Two, the Employer Identification Number on Plaintiff's Form W-2 is not registered to ET Interstate Holdings, LLC. And three, ET Interstate Holdings, LLC is apparently not authorized to do business in the State of Florida.  Plaintiff pointed this out to Defendant's senior counsel on March 5, 2025, and counsel responded by stating that she "did not have any other information at this time." See attached Exhbit B. Plaintiff again attempted to obtain the registered agent for ET Interstate Holdings, LLC from counsel on March 24, 2025, but Ms. Tran failed to respond to this inquiry.

4. Fla. Stat. §605.0902 requires a foreign limited liability company to obtain a certificate of authority in order to transact business in the state of Florida. Since it appears that the entity identified by Defendants as Plaintiff's employer has no such certificate of authority and consequently has no registered agency in this state, the prospect of substituted service of process on a nonresident pursuant to Fla. Stat. §48.161 may yet be required. To implement such substituted service said state requires a showing of due diligence requiring "diligent inquiry" and the exercise of "an honest and conscientious effort" to acquire the information necessary to effect service. Plaintiff's inquiry of Defendant's counsel was

2

appropriate and perhaps necessary.

5.    The Defendants failure to provide this information regarding the entity it has identified as Plaintiff's employer reflects a lack of a good faith effort to resolve the issues raised in Defendants' motion as required by Rule 1.202, Florida Rules of Civil Procedure. Defendants' Certificate of Conferral also fails to comply with the form required by Rule 1.202(b), Florida Rules of Civil Procedure and the Standing Case Managment Order.

WHEREFORE, it is respectfully requested that Defendants' motion be denied.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
1326 3rd Street South (SR A1A), Suite 2
Jacksonville Beach, Florida 32250
(904) 674-2222 (Telephone)
Primary email: thomas@job-rights.com
Secondary email: thomaslawfirm1@gmail.com

*/s/ Archibald J. Thomas, III*
Archibald J. Thomas, III
Florida Bar No. 231657
Trial Attorneys for Plaintiff

3

# EXHIBIT A

**Subject:** Re: Wallace v. Energy Transfer Interstate Holdings, LLC
**From:** "Archibald J. Thomas, III" <thomas@job-rights.com>
**Date:** 6/3/2025, 11:35 AM
**To:** "Travers, Jessica" <JTravers@littler.com>

Good morning Jessica,

I can provide you with my consent if you will provide me with the full legal name, address and registered agent name and address for the employer identified in Exhibit C in the attached Amended Complaint. I attempted to obtain this information from defendant's general counsel, but she declined to provide it to me. Since this company does not appear to be licensed to do business in the State of Florida, I would like to be sure that defendant's counsel did not err when she identified it as Plaintiff's employer.

Sincerely,

Archibald J. Thomas, III
Florida Bar Board Certified Labor & Employment Lawyer
Law Offices of Archibald J. Thomas, III, P.A.
1326 3rd Street South (SR A1A), Ste 2
Jacksonville Beach, FL 32250
thomas@job-rights.com
(904) 674-2222
www.job-rights.com

On 6/3/2025 11:24 AM, Travers, Jessica wrote:

> Good morning, Arch.
>
> West and I represent were retained by Energy Transfer to represent them in this action. Do we have your consent to a two week extension of time to answer the Amended Complaint?
>
> Best regards,
>
> Jessica
>
> **Jessica Travers**
> Attorney at Law
> 407.393.2950 direct, 305.608.6833 mobile
> JTravers@littler.com
>
> 
>
> Fueled by ingenuity. Inspired by you.
>
> Labor & Employment Law Solutions | Local Everywhere
> 111 N Orange Ave, Suite 1750, Orlando, FL 32801
>
> --------------------------

5

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

Attachments:

Amended Wallace Complaint.pdf                                    4.7 MB



6

# EXHIBIT B

**Subject:** RE: Jacob Wallace v. ET Interstate Holdings, LLC
**From:** "Tran, Kim" <kim.tran@energytransfer.com>
**Date:** 3/5/2025, 5:44 PM
**To:** "Archibald J. Thomas, III" <thomas@job-rights.com>

Mr. Thomas,

I cannot accept service of process by mail on behalf of the company. I can confirm that ET Interstate Holdings, LLC was Mr. Wallace's employer. I don't have any other information at this time.


Thanks,

Kim Tran
Senior Counsel, HR Legal
Energy Transfer
O:  214.840.5486
M: 405.314.7607



8

-----Original Message-----
From: Archibald J. Thomas, III <thomas@job-rights.com>
Sent: Wednesday, March 5, 2025 9:37 AM
To: Tran, Kim <kim.tran@energytransfer.com>
Subject: Jacob Wallace v. ET Interstate Holdings, LLC

Good morning Ms. Tran,

I am preparing to file suit on behalf of Mr. Wallace in the above matter. At this point, I have two questions. One, would you be willing to accept service of process by mail on behalf of your client? Two, although you represented to the FCHR that Mr. Wallace's employer was ET Interstate Holdings, LLC, it is not listed as his employer on Mr. Wallace's W2 form and I cannot find any evidence that this entity is authorized to do business in Florida. Can you confirm that this is indeed Mr. Wallace's employer and that it is in fact authorized to do business in the state of Florida? Thank you for your consideration.

Sincerely,

Archibald J. Thomas, III
Florida Bar Board Certified Labor & Employment Lawyer Law Offices of Archibald J. Thomas, III, P.A.
1326 3rd Street South (SR A1A), Ste 2
Jacksonville Beach, FL 32250
thomas@job-rights.com
(904) 674-2222
BLOCKEDjob-rights[.]comBLOCKED


Private and confidential as detailed here<https://hosted.energytransfer.com/mail_disclaimer.html>. If you cannot access hyperlink, please e-mail sender.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court through the Florida E-Filing Portal which will provide electronic service to the following counsel of record:

Jessica T. Travers, Esquire
Email: jtravers@littler.com
West Holden, Esquire
Email: wholden@littler.com
LITTLER MENDELSON P.C.
111 North Orange Avenue, Suite 1750
Orlando, FL 32801-2366

_/s/ Archibald J. Thomas, III_
Attorney

**BRADFORD**
COUNTY

**DENNY THOMPSON**
CLERK OF THE CIRCUIT COURT AND COMPTROLLER



OCRS ONLINE COURT RECORDS SEARCH
POWERED BY CIVITEK

New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 042025CA000180CAAXMX [2500180CAAXMX] | 05/07/2025 | Circuit Civil 3-C | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/07/2025 | OTHER CIVIL | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| WRIGHT, GEORGE MICAH | JUDGE | | |
| Wallace, Jacob   Search This Party | PLAINTIFF | THOMAS, ARCHIBALD JOHNS | 231657 |
| Energy Transfer Interstate Hol   Search This Party | DEFENDANT | | |
| Energy Transfer Employee Manag   Search This Party | DEFENDANT | | |
| Florida Gas Transmission Compa   Search This Party | DEFENDANT | | |

**Dockets**

Page : 1           ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 23 | 06/04/2025 | MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT | 10 |
| | 22 | 06/03/2025 | MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT | 3 |
| | 21 | 05/21/2025 | RETURN OF SERVICE SERVED TO: ENERGY TRANSFER INTERSTATE HOLDINGS, LLC | 2 |
| | 20 | 05/21/2025 | RETURN OF SERVICE SERVED TO: FLORIDA GAS TRANSMISSION COMPANY,LLC | 3 |
| | 19 | 05/21/2025 | RETURN OF SERVICE SERVED TO: ENERGY TRANSFER EMPLOYEE MANAGEMENT, LLC | 3 |
| | 18 | 05/14/2025 | COMPLAINT AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL PRELIMINARY STATEMENT | 27 |
| | 17 | 05/09/2025 | SUMMONS ISSUED ENERGY TRANSFER INTERSTATE HOLDINGS, LLC, d/b/a ET INTERSTATE HOLDINGS, LLC. | 2 |
| | 16 | 05/09/2025 | SUMMONS ISSUED ENERGY TRANSFER EMPLOYEE MANAGEMENT,LLC | 2 |
| | 15 | 05/09/2025 | SUMMONS ISSUED FLORIDA GAS TRANSMISSION COMPANY, LLC, d/b/a ENERGY TRANSFER | 2 |
| | 14 | 05/09/2025 | Judge: WRIGHT , GEORGE M Assigned | |
| | 13 | 05/09/2025 | SUMMONS | 2 |
| | 12 | 05/09/2025 | SUMMONS | 2 |
| | 11 | 05/09/2025 | SUMMONS | 2 |
| | 10 | 05/09/2025 | Payment received: $30.00 Receipt Number M 13507502 | |
| | 9 | 05/09/2025 | Assessment 2 Total Assessed $30.00 Balance Remaining $0.00 | |
| | 8 | 05/09/2025 | Assessment 2 assessed at sum $30.00 | |
| | 7 | 05/08/2025 | STANDING CASE MANAGEMENT ORDER | 3 |
| | 6 | 05/08/2025 | COMPLAINT AND DEMAND FOR JURY TRIAL PRELIMINARY STATEMENT | 11 |
| | 5 | 05/08/2025 | CIVIL COVER SHEET | 3 |
| | 4 | 05/08/2025 | Payment received: $400.00 Receipt Number M 13507469 | |
| | 3 | 05/08/2025 | Assessment 1 Total Assessed $400.00 Balance Remaining $0.00 | |
| | 2 | 05/07/2025 | Assessment 1 assessed at sum $400.00 | |
| | 1 | 05/07/2025 | Case 042025CA000180CAAXMX Filed with Clerk on 5/7/2025 | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Privacy - Terms